### PENDERGAST *v.* DEMPSEY.

*(Supreme Court, Special Term, New York County. April 10, 1890.)*

EXECUTION—SUPPLEMENTARY PROCEEDINGS—CORPORATIONS.

A corporation which has been summoned in supplementary proceedings to disclose any indebtedness from it to the judgment debtor may be required by *subpœna duces tecum* served on the proper officer to produce its books and papers to be used on the examination.

At chambers. Action by Charles H. Pendergast against John Dempsey. Plaintiff having obtained a judgment, and execution having been returned unsatisfied, supplementary proceedings were instituted, a *subpœna duces tecum* addressed to Dempsey & Carroll, a corporation, with which defendant appeared to have had dealings, and a subpœna, were served on Charles A. Richardson, the secretary of the company, in order to obtain certain disclosures. Dempsey & Carroll now moves to vacate the *subpœna duces tecum*, which motion plaintiff resists by an affidavit that he believes that the books and papers of the company contain information which is necessary for the prosecution of plaintiff's proceeding. Code Civil Proc. §§ 2441, 2442, referred to in the opinion, are as follows: "Sec. 2441. Upon proof by affidavit or other competent written evidence, to the satisfaction of the judge, that an execution against property has been issued, as prescribed in section 2458 of this act, and either that it has been returned wholly or partly unsatisfied, or that it has not been returned; and also that any person or corporation has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars,—the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined concerning the debt or other property, at a time and place specified in the order. The judge may, in his discretion, require notice of the subsequent proceedings to be given to the judgment debtor in such a manner as he deems just; but a receiver shall not be appointed without such a notice, except as otherwise prescribed in article second of this title. Sec. 2442. An order requiring a person to attend and be examined, made pursuant to any provision of this article, must require him so to attend and be examined either before the judge to whom the order is returnable or before a referee designated therein. Where the examination is taken before a referee, he must certify, to the judge to whom the order is returnable, all the evidence and the other proceedings taken before him."

The cases of *Semmes* v. *Noel* and *Pendergast* v. *Dempsey*, cited in the opinion, are as follows:

*Semmes* v. *Noel.* In this case the judgment creditor in supplementary proceedings procured the issuance of a *subpœna duces tecum* to the officer of a corporation, in order that he might be examined as a witness, and produce the books and papers of the company. This was objected to by the judgment debtor. The matter was heard at chambers, (supreme court, New York county,) and the following decision was filed on March 29, 1886: "LAWRENCE, J. The learned counsel for the plaintiff is, I think, entirely right in his contention that section 2444 of the Code of Civil Procedure removes any doubt as to the power of the judge to direct the production of the books and papers called for by the subpœna. The section provided that either party may be examined as a witness in his own behalf, and may produce and examine other witnesses, as upon the trial of an action. By section 868 of the Code the production upon a trial of a book or paper belonging to or under the control of a corporation may be compelled in like manner as if it was in the hands of or under the control of a natural person, etc. Section 2463 of the Code does not apply, for the reason that these proceedings are instituted against an individual. The objections must therefore be overruled, and the examination proceed."

*Pendergast* v. *Dempsey.* This was a decision at chambers of the supreme court, New York county, filed April 5, 1886, on a motion to vacate an order in supplementary proceedings directing the production of the books and papers of a corporation. The following memorandum was filed: "LAWRENCE, J. The motion to vacate the order heretofore granted herein must be denied, with costs. See my memorandum in the case of *Semmes* v. *Noel*, Daily Reg. March 30, 1886."

*John McCrone*, for plaintiff. *Abram Kling*, for Dempsey & Carroll.

ANDREWS, J. The question whether a corporation examined through one of its officers, pursuant to sections 2441 and 2442 of the Code, can be compelled to produce its books and papers upon such examination, does not appear to have been passed upon by the appellate courts. There are several special term decisions, however, holding that such production can be compelled. *Holmes* v. *Stietz*, 6 Civil Proc. R. 362; *Semmes* v. *Noel*, Daily Reg. March 30, 1886; *Pendergast* v. *Dempsey*, April 6, 1886. Upon the authority of these cases, the motion to vacate the order will be denied.